UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No:

UNITED STATES OF AMERICA

    Plaintiff

vs.

ANN K. BERDELLANS

    Defendant
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $3333.50, plus interest on this principal amount computed at the rate of 9.13 percent per annum in the amount of $3668.14, plus interest thereafter on this principal from January 5, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $7001.64, plus interest at 9.13 percent per annum on the principal amount of $3333.50, from January 5, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this __14__ day of __January__, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 Ne 4th Street
3rd Floor
Miami, FL  33132-2111
Tel No. 3059619311
Fax No. 3055307195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Ann K. Berdellans
AKA: Ann K. Norris
6209 Fillmore
Hollywood, FL 33024
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from February 16, 1999.

On or about April 7, 1988, the borrower executed promissory note(s) to secure loan(s) of $3,350.00 from Republic Savings and Loan Assoc. at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by Great Lakes Higher Education Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $16.50 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on August 29, 1989, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,837.01 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on November 15, 1996, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $3,333.50 |
| Interest: | $3,398.88 |
| Administrative/Collection Costs: | $.00 |
| Late fees | $.00 |
| Total debt as of February 16, 1999: | $6,732.38 |

Interest accrues on the principal shown here at the current rate of 9.13 and a daily rate of $.83 through June 30, 1999 and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. ∍ 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: March 3, 1999    Name: _____
                              Title: Loan Analyst
                              Branch: Litigation Branch

GOVERNMENT EXHIBIT A

**WISCONSIN HIGHER EDUCATION CORPORATION (WHEC)**
**APPLICATION FOR WISCONSIN PLUS/SLS LOAN**

AUG 8 9     APR 1 2 1988

### SECTION 1A — TO BE COMPLETED BY THE BORROWER "IMPORTANT — READ THE INSTRUCTIONS CAREFULLY"

1. Social Security Number: 114 48 6454
2. Last Name: Norris
3. First Name: Ann
4. Middle Initial: K
5. Birthday: Mo 3 Day 78 Year 67
6. Street Address (Include Apartment Number): 6209 Fillmore Street
   City, State, Zip Code: Hollywood, Florida 33024
7. U.S. Citizenship Status (Check One):
   ☒ a. U.S. citizen
   ☐ b. Permanent resident or other eligible alien
   ☐ c. Neither of the above
8. Area Code/Telephone Number: (305) 987-1416
9. You are a permanent resident of what state? State: Florida Since: Mo 1 Year 88
10. Wisconsin Residents Only: Marital Status: ☐ Married ☐ Unmarried or legally separated. If married, spouse's name, address and Social Security Number: Not applicable
11. Loan Amount You Request: $3,350
12. Have you ever defaulted on a PLUS/SLS or Student Loan? ☐ Yes ☒ No
13. Type of borrower: ☐ a. Parent ☒ b. Student
14. If you are a full-time student borrowing on your own behalf, do you wish a deferment? ☒ Yes ☐ No

15. List below other PLUS/SLS loans for the student named in Section 1B. Continue on separate sheet if necessary.

| Lender's Name | Lender's City, State, & Zip | Loan Period Beginning Date | Loan Amount | Unpaid Balance |
|---|---|---|---|---|
| | | Mo / Year | $ | $ |
| | | Mo / Year | $ | $ |

### 1. PROMISSORY NOTE FOR A PLUS/SLS LOAN

Promise To Pay I, called Maker identified in Section I, Item 2 and "Endorser," if any, identified in Section I, Item 16c, promise to pay to the lender identified in Section 3, Item 43, when this note becomes due as set forth in paragraph 10 on reverse side, the sum of

Three thousand fifty and 00/100 — DOLLARS

16a. Requested Loan Amount — Must be the same as Item 11

($3,350.00) or such lesser amount as is advanced to me and identified to me in the PLUS/SLS Disclosure Statement, plus interest computed at the applicable rate disclosed on the PLUS/SLS Disclosure Statement. If I am not satisfied with the terms of the loan on the PLUS/SLS Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the PLUS/SLS Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

NOTICE TO THE MAKER: DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES.

16b. Maker's Signature: Ann K. Norris (Seal) Date: 4/7/88
16c. Endorser's Signature: (Seal) Date:
Endorser's Soc. Sec. No.: Endorser's Address:

### SECTION 1B — TO BE COMPLETED BY THE STUDENT "IMPORTANT — READ THE INSTRUCTIONS CAREFULLY"

17. Social Security Number: 114 48 6454
18. Last Name: Norris
19. First Name: Ann
20. Middle Initial: K
21. Birthday: Mo 3 Day 78 Year 67
22. Have you ever defaulted on a student loan? ☐ Yes ☒ No
23. U.S. Citizenship Status (Check One):
    ☒ a. U.S. citizen
    ☐ b. Permanent resident or other eligible alien
    ☐ c. Neither of the above
24. Your Major Course of Study: Word Processing
25. Loan Period From: Mo 4 Day 4 Year 88 To: Mo 9 Day 26 Year 88
26. Where do you intend to live while in school? (Check One)
    ☒ With Parents
    ☐ On Campus
    ☐ Off Campus
    Street Address: 6209 Fillmore St
    City, State, Zip: Hllwd, Fla 33024
27. Total amount of GSL. Do not include PLUS, NDSL or HEAL.

I have read and understand the terms of the "Student's Certification" printed on the REVERSE SIDE of this application. WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalty which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.

28. Signature of Student: Ann K. Norris Date: 4/7/88

### SECTION 2 — TO BE COMPLETED BY THE SCHOOL

29. Name of School: NATIONAL INSTITUTE OF CAREERS
30. Street Address: South University Dr
    City, State, Zip Code: MIRAMAR FL 33025
31. School Code: 021776
32. Area Code/Telephone Number: 305-432-2004
33. Student Status: ☐ Dependent ☐ Independent
34. Loan Period From: Mo 4 Day — Year 88
35. Loan Period To: Mo 8 Day 26 Year 88
36. Student's Grade Level: 1st
37. Estimated Cost of Attendance for Loan Period: $6708
38. Estimated Financial Aid for Loan Period: $0
39. Cost Minus Aid (Item 37 less Item 38): $6708
40. Enrollment Status: ☒ F-T ☐ H-T
41. Antic. Graduation Date: Mo 9 Day 26 Year 88

WHEC Use Only

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

42. Signature of School Official: J Bonilla    Print Name and Title: JOSEFINA BONILLA F.A.O.    Date: 4-8-88

### SECTION 3 — TO BE COMPLETED BY LENDER

43. Name of Lender: REPUBLIC SAVINGS AND LOAN ASSOC.
44. Street Address: 7617 W. Bluemound Rd. Milwaukee, WI 53213
45. Area Code/Telephone Number: (414) 257-4240
46. Lender Code: 822135
47. WHEC Use Only:
48. Total Amount Lender Approves: $3350
49. Disbursement Date: Mo 4 Day 11 Year 88
50. Lender Use Only:

*My signature below certifies that the parent borrower listed above is approved for the extension of credit using criteria normally applied for similar loans not covered by guarantee and that the borrower has agreed to repay the loan pursuant to the provisions of the PLUS/SLS Promissory Note.*

Marilyn H. [signature] — MARILYN G. [printed]

WHEC COPY R

**THIS IS A TRUE AND EXACT COPY**

2. **DEFINITIONS.** All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage unless a technical meaning is ascribed to them by Title IV, Part B Higher Education Act of 1965 (20 U.S.C. 1071 et seq.), as amended, called the "Act" or Federal Regulations. The U.S. Secretary of Education shall be called the "Secretary". The Wisconsin Higher Education Corporation shall be called "WHEC".

3. **APPLICABLE INTEREST RATE.** Beginning July 1, 1987, the interest rate on PLUS/SLS loans is a variable rate. The interest rate will increase or decrease during the life of the loan if the "Interest Rate Index" changes. The "Interest Rate Index" for any 12-month period beginning on July 1 and ending on June 30 is the bond equivalent rate of 52-week Treasury bills auctioned at the final auction held prior to June 1, plus 3.25%, not to exceed 12%.

4. **GUARANTEE INSURANCE FEE.** The Maker agrees to pay a loan guarantee insurance fee to Lender equal to 1% of the Loan Amount. The amount of this fee will be shown on the PLUS/SLS Disclosure Statement and it will be deducted from the loan. This fee may be refundable if no amount of this loan has been disbursed to the Maker.

5. **PAYMENT OF NOTE:** By law, the Repayment Period on a PLUS/SLS loan begins when the loan is disbursed. The first payment is due within 60 days of disbursement. An SLS borrower, and in some cases a PLUS borrower, may be entitled to deferment of principal (and interest, in some cases) until a later date. See Paragraph 12 ("Deferment") and the provisions relating to payment of interest during a deferment period. With the following exceptions, the Repayment Period shall have a duration of at least 5 years but not more than 10 years after the date of this Note: A) Lender may require a Repayment Period shorter than 5 years if this is necessary to satisfy the minimum payment requirements under Paragraph 6 ("MINIMUM PAYMENT"). B) Any period described in Paragraph 12 ("DEFERMENT") will not be included in calculating the 5- and 10-year periods mentioned above. C) Any period for which Lender has granted forbearance will not be included in calculating the 5- and 10-year periods mentioned above. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a Repayment Schedule and Disclosure Statement (WHEC Form PLUS-2), that Lender will provide to Borrower before repayment begins. Borrower and Endorser jointly and severally agree to sign the Lender-provided Repayment Schedule and Disclosure Statement before the first payment is due and to pay the Note in accordance with the Disclosure Statement.

6. **MINIMUM PAYMENT.** The total annual payment by the Maker during any year of the repayment period on all GSL and PLUS/SLS loans made under the Act shall not, unless otherwise agreed to by Lender and Maker, be less than $600 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding GSL and PLUS/SLS loans, the total combined annual payment on all such loans by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, whichever is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

7. **PREPAYMENT WITHOUT PENALTY.** The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearned interest that was paid.

8. **LATE PAYMENT PENALTY.** A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after its scheduled or deferred due date. The late charge may not exceed 6% of each installment or $5 for each installment whichever is less. This charge may be added to the Maker's account and deducted from any future payments prior to allocation toward payment of any principal or interest.

9. **COLLECTION CHARGES.** The Maker and any Endorser are liable for all charges and collection costs, including statutorily authorized attorney's fees, that are permitted by Regulations of the Secretary and are necessary for the collection of the loan.

10. **SECURITY INTEREST.** This Note is unsecured and the lender expressly waives, as security for this Note, any security interest held by the lender.

11. **DISBURSEMENT SCHEDULE.** The Maker and lender agree that the amount paid to the Maker shall be disbursed by check payable to the order of and requiring the endorsement of the Maker according to the schedule listed on the PLUS/SLS Disclosure Statement.

12. **DEFERMENT.** Payment of principal will be deferred provided Maker complies with the procedural requirements set forth in the regulations governing the PLUS/SLS Program in any of these circumstances including deferment renewals that may be required for SLS borrowers: (A) While Maker is enrolled — (a) Full-time study at a school that is participating in the PLUS/SLS (unless Maker is not a citizen or national of the United States and is studying at a school not located in the United States); (b) Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies); (c) A graduate fellowship program approved by the Secretary; or (d) A rehabilitation training program for disabled individuals approved by the Secretary. (B) For periods not exceeding 3 years for each of the following while Maker is — (a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; (b) Serving as a Peace Corps Volunteer; (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) Serving as a full-time volunteer for an organization exempt from Federal Income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined is comparable to service in the Peace Corps or ACTION programs; or (e) Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because Maker is providing care required by a dependent who is temporarily totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined is necessary for Maker to gain professional recognition required to begin professional practice or service. (D) For a period not exceeding 2 years while Maker is conscientiously seeking but unable to find full-time employment in the United States. (E) For a period up to 6 months while borrower is pregnant, caring for a newborn or newly adopted child, and is not in attendance at a participating school or gainfully employed, and was enrolled within the past 6 months at a participating institution. For new SLS borrowers receiving a loan for a period of enrollment beginning on or after July 1, 1987, payment may also be deferred for: (A) Enrollment at least half-time (as determined by school), and receiving a GSL or SLS for the period of enrollment; (B) Up to 3 years while serving as an active duty member of the National Oceanic and Atmospheric Administration Corps; (C) Up to 3 years for full-time elementary or secondary school teachers in a teacher shortage area prescribed by the Secretary; (D) A period not exceeding two years for service in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers post-graduate training; (E) Up to 1 year for mothers of pre-school children entering or re-entering the work force who earn less than $1 above minimum wage.

Parent borrowers may be eligible for deferment of principal if: 1) Maker or dependent student for whom money has been borrowed for US loan is: (A) Enrolled as a full-time student at a participating educational institution; (B) Studying under a graduate fellowship program approved by the Secretary; (C) Studying under a rehabilitation training program for disabled individuals approved by the Secretary; or 2) Maker is: (A) Temporarily totally disabled or a dependent is temporarily totally disabled, as established by affidavit of a qualified physician, for a period not exceeding three years; and (B) Seeking but not able to find full-time employment for a period not exceeding two years. Parent borrowers receiving their PLUS loan on or after July 1, 1987, may be eligible for a deferment of principal if the parent borrower is engaged in a least half-time study at a participating school and has obtained a GSL or SLS for that period of enrollment.

To be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must promptly notify the lender as soon as the condition for which the deferment was granted no longer exists.

13. **EVENTS OF DEFAULT.** Lender may declare the entire unpaid amount of this Note including accrued interest immediately due and payable upon the occurrence of any of the following events of default: (A) failure of Borrower or Endorser to make a payment on this Note or any other U.S. loan when due; or (B) giving false or inaccurate information on an application for a student loan. Upon default, all of Borrower's rights under this Note are forfeited, including but not limited to eligibility for deferment under Paragraph 12. Payment arrangements which may be allowed by WHEC after default shall not constitute a waiver of any rights of Borrower.

14. **CONSEQUENCES OF DEFAULT.** Upon an event of default, Maker and Endorser are jointly and severally liable for all charges and collection costs (including statutorily authorized attorneys' fees) permitted by federal statutes or by rules or regulations issued by the Secretary. In addition, if the collection of amounts due under this Note. If this loan is referred for collection to an agency subject to the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.), Maker and Endorser will jointly and severally pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest. In the event WHEC obtains a final judgment on the defaulted loan, WHEC shall have the right to collect interest on the judgment at any rate up to the maximum rate of interest that applicable law may allow with respect to interest on judgments. This rate of interest on a judgment may be greater than the rate of interest specified in this Note.

15. **CREDIT BUREAU NOTIFICATION.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If maker defaults on this loan, the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations which may significantly affect the maker's ability to obtain other credit.

16. **ADDITIONAL PROVISIONS.** (A) The Maker and any Endorser are jointly and severally liable for all amounts owing under this Note and waive presentment for payment, demand, notice of nonpayment, notice of protest and protest of this Note, and consent to the terms of any repayment schedule as well as any and all extensions, consolidations and renewals without notice. (B) The Maker agrees to use the proceeds of the loan which this Note evidences solely to pay the expenses of attending the educational institution listed on the loan application and in which the student or the student for whom the parent is borrowing is enrolling or accepted for enrollment at the date of this Note, and for the loan period indicated on the application. (C) In the event of the Maker's death or total and permanent disability, the unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D) The Maker shall notify the lender promptly, in writing, of any changes from time to time occurring in student's school enrollment status (such as withdrawal from school or less than half-time attendance), graduation or transfer to other schools or home address from that stated in the application for this loan. (E) The lender must provide information on the repayment status of this loan to credit bureau organizations upon the Maker's request. If not otherwise prohibited by the law or regulation, the lender and/or WHEC will disclose information about the status of this loan to any credit bureau. (F) Under the conditions set forth in Federal and WHEC regulations governing the PLUS/SLS program this loan may be transferred to a holder other than the original lender. Upon being notified of such transfer, the Maker has the same rights and responsibilities with regard to the subsequent holder that the Maker had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. (G) Consolidation or refinancing options may be available to the Maker for PLUS/SLS and other educational loans. For further information the Maker should contact WHEC.

**BORROWER CERTIFICATION.** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section 1A of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, or WHEC, to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, educational institution (if I am borrowing on my own behalf) or WHEC to make inquiries of or respond to inquiries from my parents (if I am a student borrower) or prior or subsequent lenders or holders with respect to my loan application and related documents, and to make inquiries of my parents and other third parties to obtain information regarding my location, employment and source of income. I certify that the proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named on this form. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am either the natural or adoptive mother or father or legal guardian of the student named in Section 1B of this application form or (B) that if I am borrowing on my own behalf, I am an independent undergraduate student or graduate student eligible for participation in the PLUS/SLS program. I further certify that I have read and understand the statements of borrower responsibilities attached to the application.

Ronald J. Fallon, Vice President

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

ANN K. BERDELLANS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Broward 00-CV-6073 WJZ/Seltzer

**(c) ATTORNEYS** (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B□ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury — Med Malpractice | B□ 620 Other Food & Drug | | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability | □ 365 Personal Injury — Product Liability | B□ 625 Drug Related Seizure of Property 21 USC 881 | □ 423 Withdrawal 28 USC 157 | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 368 Asbestos Personal Injury Product Liability | B□ 630 Liquor Laws | **A PROPERTY RIGHTS** | B□ 450 Commerce/ICC Rates/etc |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers Liability | | B□ 640 R.R. & Truck | □ 820 Copyrights | □ 460 Deportation |
| □ 151 Medicare Act | □ 340 Marine | **PERSONAL PROPERTY** | B□ 650 Airline Regs | □ 830 Patent | □ 470 Racketeer Influenced and Corrupt Organizations |
| B[X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | □ 345 Marine Product Liability | □ 370 Other Fraud | B□ 660 Occupational Safety/Health | □ 840 Trademark | □ 810 Selective Service |
| B□ 153 Recovery of Overpayment of Veteran's Benefits | □ 350 Motor Vehicle | □ 371 Truth in Lending | B□ 690 Other | **A LABOR** | □ 850 Securities/Commodities/ Exchange |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle Product Liability | □ 380 Other Personal Property Damage | | □ 710 Fair Labor Standards Act | □ 875 Customer Challenge 12 USC 3410 |
| □ 190 Other Contract | □ 360 Other Personal Injury | □ 385 Property Damage Product Liability | **B SOCIAL SECURITY** | | □ 891 Agricultural Acts |
| □ 195 Contract Product Liability | | | | □ 861 HIA 1395ff | □ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | □ 862 Black Lung (923) | □ 893 Environmental Matters |
| □ 210 Land Condemnation | □ 441 Voting | B□ 510 Motions to Vacate Sentence | □ 720 Labor/Mgmt. Relations | □ 863 DIWC/DIWW (405(g)) | □ 894 Energy Allocation Act |
| B□ 220 Foreclosure | □ 442 Employment | **HABEAS CORPUS:** | □ 730 Labor/Mgmt. Reporting & Disclosure Act | □ 864 SSID Title XVI | □ 895 Freedom of Information Act |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/ Accommodations | B□ 530 General | □ 740 Railway Labor Act | □ 865 RSI (405(g)) | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| □ 240 Torts to Land | | A□ 535 Death Penalty | | **FEDERAL TAX SUITS** | □ 950 Constitutionality of State Statutes |
| □ 245 Tort Product Liability | □ 444 Welfare | B□ 540 Mandamus & Other | □ 790 Other Labor Litigation | A□ 870 Taxes (U.S. Plaintiff or Defendant) | □ 890 Other Statutory Actions |
| □ 290 All Other Real Property | □ 440 Other Civil Rights | B□ 550 Civil Rights | A□ 791 Empl. Ret. Inc. Security Act | A□ 871 IRS — Third Party 26 USC 7609 | A OR B |
| | | B□ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34CFR 682.100(4)(d)

**LENGTH OF TRIAL**
via _1_ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION  □ UNDER F.R.C.P. 23
**DEMAND** $7,001.64 + interest & costs
**CHECK YES** only if demanded in complaint
**JURY DEMAND:** □ YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

**DATE** 1/14/00
**SIGNATURE OF ATTORNEY OF RECORD**
MARY F. DOOLEY, AUSA

FOR OFFICE USE ONLY